# IN THE CIRCUIT COURT OF CAMDEN COUNTY, MISSOURI

STACY MILLER, individually, and as   )
Plaintiff ad Litem on behalf of   )
decedent Alan Miller,   )
      4700 Millbrook Drive   )
      Columbia, MO 65203   )
                          )
         Plaintiff,   )    Case No. _07CM-CC00061_
                          )
v.                           )    Division No. _____
                          )
LAKE REGIONAL HEALTH   )
SYSTEM   )
Serve Registered Agent at:   )
      Michael E. Henze   )
      54 Hostpital Drive   )
      Osage Beach, MO 65065,   )
                          )
and   )
                          )
GEORGE A. "TONY" KOCH, D.O.   )
Serve at:   )
      Lake Regional Health System   )
      54 Hospital Drive   )
      Suite 203 – Hospitalist   )
      Osage Beach, MO 65065   )
                          )
and   )
                          )
LAKE INTERNAL MEDICINE   )
SPECIALISTS, INC.   )
Serve Registered Agent at:   )
      M. David East, D.O   )
      980 Executive Drive Suite D   )
      Osage Beach, MO 65065,   )
                          )
and   )
                          )
M. DAVID EAST, D.O.   )
Serve at:   )
      Lake Internal Medicine   )
      Specialists, Inc.   )
      980 Executive Drive Suite D   )
      Osage Beach, MO 65065,   )
                          )

FEB 26 '07

and                                    )
                                       )
**CENTRAL OZARKS MEDICAL**             )
**CENTER**                             )
**Registered agent unknown**           )
                                       )
and                                    )
                                       )
**DANIEL SCHMIDT, M.D.**               )
**Serve at:**                          )
      **Central Ozarks Medical Center**  )
      **304 W. Washington**            )
      **Richland, MO 65065**           )
                                       )
          **Defendants.**              )

## PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW plaintiff Stacy Miller, individually, and as Plaintiff ad Litem on behalf of

decedent Alan Miller, by counsel, and for her cause of action against defendants hereby allege

and state as follows:

## PLAINTIFF STACY MILLER, INDIVIDUALLY, AND AS PLAINTIFF AD LITEM ON BEHALF OF ALAN MILLER

1.      At the time of the negligent acts complained of herein and at all times mentioned,

plaintiff Stacy Miller has been an adult over eighteen years of age and a resident of Columbia,

Boone County, Missouri.

2.      At the time of the negligent acts complained of herein and at all times mentioned,

plaintiff Stacy Miller has been the spouse of decedent Alan Miller.

3.      Stacy Miller is a proper party to bring this lawsuit on behalf of decedent Alan

Miller pursuant to RSMo. § 537.021, as if he had lived, as Stacy Miller has been appointed

Plaintiff ad Litem on behalf of decedent Alan Miller. Stacy Miller is also in the class of persons

authorized by RSMo. § 537.080 to assert a claim for the wrongful death of Alan Miller.

2

## DEFENDANT LAKE REGIONAL HEALTH SYSTEM

4.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, defendant Lake Regional Health System (hereinafter "defendant Hospital") has been a Missouri corporation duly organized and existing under the laws of the State of Missouri and engaged in operating a facility where persons afflicted with illness and disease such as that evidenced by decedent Alan Miller are rendered care in exchange for consideration paid by them.  Defendant Hospital also provides medical services in the form of the collection, testing and reporting of laboratory specimens and results and performed such laboratory function for laboratory tests/results of Mr. Miller.

## DEFENDANT GEORGE A. "TONY" KOCH, D.O.

5.     At the time of the negligent acts complained of herein and at all times mentioned, defendant George A. "Tony" Koch, D.O. (hereinafter "defendant Koch") has been a licensed physician in the practice of internal medicine representing and holding himself out to the public and, in particular, to decedent Alan Miller as such.

6.     At the time of the negligent acts complained of herein and at all times mentioned, defendant Koch was an employee and/or agent of defendant Hospital.

## DEFENDANT LAKE INTERNAL MEDICINE SPECIALISTS, INC.

7.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, defendant Lake Internal Medicine Specialists, Inc. (hereinafter "defendant Lake Internal") has been a Missouri corporation duly organized and existing under the laws of the State of Missouri and engaged in operating a facility where persons afflicted with illness and disease such as that evidences by decedent Alan Miller are rendered care in exchange for consideration paid by them.

3

## DEFENDANT M. DAVID EAST, D.O.

8.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, defendant M. David East, D.O. (hereinafter "defendant East") has been a licensed physician in the practice of internal medicine representing and holding himself out to the public and, in particular, to decedent Alan Miller as such.

9.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, defendant East was an employee and/or agent of defendant Lake Internal.

## DEFENDANT CENTRAL OZARKS MEDICAL CENTER

10.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, defendant Central Ozarks Medical Center (hereinafter "defendant Central Ozarks") has been a facility where persons afflicted with illness and disease such as that evidences by decedent Alan Miller are rendered care in exchange for consideration paid by them.

## DEFENDANT DANIEL SCHMIDT, M.D.

11.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, defendant Daniel Schmidt, M.D.. (hereinafter "defendant Schmidt") has been a licensed physician in family practice representing and holding himself out to the public and, in particular, to decedent Alan Miller as such.

12.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, defendant Schmidt was an employee and/or agent of defendant Central Ozarks.

## VENUE AND JURISDICTION

13.     Venue and Jurisdiction are proper in this court pursuant to R.S.Mo. § 508.010.6 as this action arises from negligent conduct occurring in Osage Beach, Camden County, Missouri.

## AGENCY

4

14.     At the time of the occurrences complained of herein, defendant Hospital was acting by and through its actual or apparent agents and employees, including but not limited to nurses, allied health care staff and defendant Koch, in providing medical care and treatment to decedent Alan Miller.

15.     At the time of the negligent acts complained of herein and at all times mentioned, defendant Hospital's actual and apparent agents and employees, including but not limited to nurses, laboratory personnel, individuals responsible for communicating the result of laboratory results, other allied health care staff and defendant Koch, were acting within the course and scope of their employment in providing medical care to decedent Alan Miller.

16.     At the times of the occurrences complained of herein, defendant Lake Internal was acting by and through its actual or apparent agents and employees, including but not limited to defendant East, in providing medical care and treatment to decedent Alan Miller.

17.     At the time of the negligent acts complained of herein and at all times mentioned, defendant Lake Internal's actual and apparent agents and employees, including but not limited to defendant East, were acting within the course and scope of their employment in providing medical care to decedent Alan Miller.

18.     At the time of the occurrences complained of herein, defendant Central Ozarks was acting by and through its actual or apparent agents and employees, including but not limited to defendant Schmidt, in providing medical care and treatment to decedent Alan Miller.

19.     At the time of the negligent acts complained of herein and at all times mentioned, defendant Central Ozarks' actual and apparent agents and employees, including but not limited to defendant defendant Schmidt, were acting within the course and scope of their employment in providing medical care to decedent Alan Miller.

5

**FACTS OF THE OCCURRENCE**

20.     On February 28, 2005 Alan Miller was hospitalized at Lake Regional Hospital for cough, dyspnea, headaches and an abnormal CT scan of his chest.

21.     Prior to this hospitalization Mr. Miller had reported allergy symptoms and had seen his pulmonologist, who reported a negative examination.

22.     It was noted by Dr. O'Neil, the admitting family practitioner at Lake Regional Hospital, that in the preceding 2 1/2 months Mr. Miller had undergone a 25 pound unintentional weight loss and that he had been suffering from severe headaches, decreased appetite, difficulty breathing and a dry cough.

23.     A bronchoscopy was performed by Dr. East and multiple transbronchial biopsies were obtained from Mr. Miller's right lower lobe.

24.     The biopsy was not cultered for fungus, nor was the pathology specimen stained for fungus.

25.     No formal bronchoalveolar lavage was performed and no pulmonary function tests were performed to note changes in lung function.

26.     Serologic studies were ordered by Dr. Koch on March 1, 1005.  They were positive by complement fixation for histoplamosis at a titer of 1:32.

27.     Dr. Bordon, a Rheumatology consultant, saw Mr. Miller on March 1, 2005 and opined that one should, "rule out infectious causes such as fungal or tuberculosis infection."

28.     Pathologist Haas, in reviewing the bronchial lung biopsies added a cautionary comment, "COMMENT:  While the findings are consistent with a diagnosis of sarcoidosis, this is a diagnosis of exclusion.  Clinical correlation is recommended."

6

29.    Mr. Miller was not informed that his lab results were positive for histoplasmosis and he was discharged from the Hospital on March 2, 2005.

30.    Mr. Miller saw Dr. Kahn, an endocrinologist, on March 10 and 15, 2005.  Dr. Kahn placed him on replacement doses hydrocortisone 20mg AM/ 10mg PM for "apparent" adrenal insufficiency of unknown cause.

31.    Because his symptoms persisted Mr. Miller sought treatment from University Hospital ("UH") in Columbia, Missouri on March 21, 2005.

32.    While at UH Mr. Miller was evaluated by an endocrinologist who suggested that the cause of the adrenal failure might be histoplasmosis.  No follow-up was made with respect to this consultation.

33.    On March 22, 2005 Dr. Daniel Schmidt, a family practitioner working with Mr. Miller's primary care physician, Dr. O'Neil, contacted  Dr. Koch.  Dr. Schmidt was advised by Dr. Koch that "given the diagnosis of sarcoid" to start prednisone 40 mg/day x 3 weeks then 30 mg qd for 3 weeks.

34.    Despite the fact that Mr. Miller actually had histoplasmosis and not sarcoidosis, and the diagnosis of "exclusion" had clearly not ruled out histoplasmosis, Dr. Schmidt abided by and carried out these instructions.

35.    With immunosupression therapy from high dose corticosteroids, Mr. Miller's condition degraded over the following week.  On March 30, 2005 Mr. Miller saw Dr. Kahn who recognized Miller's critical physical condition and made a direct admission to the Hospital.

36.    Mr. Miller was admitted to the Hospital on March 30, 2005.  He quickly deteriorated mentally.  The diagnosis of sarcoidosis was repeatedly mentioned in the various

7

progress notes despite the prior positive adrenal biopsy for histoplasmosis, and multiple cerebral infarcts.

37.     Throughout his treatment by the various doctors referenced herein no one was made aware of Mr. Miller's positive laboratory results of histoplasmosis.

38.     The administration of steroids for the treatment of sarcoidosis, which Mr. Miller did not have, accelerated the histoplasmosis causing it to advance untreated. The histoplasmosis ultimately caused Mr. Miller's death.

**COUNT I**
**(Wrongful Death)**

COMES NOW plaintiff Stacy Miller, by counsel, and pursuant to RSMo. § 537.080, hereby states and alleges in support of their cause of action for wrongful death against defendants as follows:

39.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 38 above.

40.     Alan Miller  died on December 28, 2005.

41.     Defendant East and defendant Lake Internal were negligent in the medical care and treatment of decedent in the following respects:

1.     Failing to consider and establish the negativity of infectious diseases;

2.     Failing  to recognize other potential infectious processes;

3.     Negligently assuming a diagnosis of sarcoidosis;

4.     Failing to obtain an adequate lung specimen to get a diagnosis;

5.     Failing to follow-up on fungal studies ordered during the hospitalization;

8

6.        Negligently ordering laboratory studies and/or not following up on the result(s);

7.        Failing to properly investigate the cause of Mr. Miller's symptoms and to properly and timely diagnose and treat Mr. Miller's histoplasmosis;

8.        Such other instances of negligence or breached of the standard of care as shall become apparent during the course of discovery.

43.      Defendant Koch and defendant Hospital were negligent in the medical care and treatment of decedent in the following respects:

1.        Failing to rule out a lethal infectious process;

2.        Negligently assuming a diagnosis of sarcoidosis;

3.        Failing to follow-up on the results of critical studies and laboratory work;

4.        Failing to order additional studies to establish a proper diagnosis of histoplamosis;

5.        Advising the initiation of the administration of corticosteroids in a high and immunosupressive dose which precipitated further dissemination of the infection, causing the death of Mr. Miller.

6.        Failing to order antifungal medication despite the clear clinical indications for such therapy;

7.        Failing to ensure that Mr. Miller's laboratory results were properly and timely reported to the appropriate health care providers;

9

8.     Such other instances of negligence or breached of the standard of care as shall become apparent during the course of discovery.

44.  Defendant Schmidt and defendant Central Ozarks were negligent in the medical care and treatment of decedent in the following respects:

1.     Failing to rule out a lethal infectious process;

2.     Negligently assuming a diagnosis of sarcoidosis;

3.     Failing to follow-up the results of critical studies and laboratory work;

4.     Failing to order additional studies to establish a proper diagnosis of histoplamosis;

5.     Ordering corticosteroids in a high and immunosupressive dose which precipitated further dissemination of the infection, and caused the death of Mr. Miller.

6.     Failing to order antifungal medication despite the clear clinical indications for such therapy;

7.     Such other instances of negligence or breached of the standard of care as shall become apparent during the course of discovery.

45.  Mr. Miller's death was the direct and proximate result of the negligence of the Defendants, and each of them, and as a result of the negligence of Defendants, and each of them, Mr. Miller's life was shortened and such negligence caused Mr. Miller's death on December 28, 2005.

46.  As a direct and proximate result of the negligence of Defendants, and each of them, Mr. Miller suffered and endured significant physical and mental pain and suffering.

10

47.    As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff Stacy Miller and the heirs of Alan Miller have sustained the following damages:

a.    They have endured mental anguish, suffering, and bereavement;

b.    They have suffered the loss of Mr. Miller's economic support and household services;

c.    The have suffered the loss of Mr. Miller's society, companionship, and comfort;

d.    The have suffered the loss of Mr. Miller's parental care, training, guidance, and education, and;

e.    They have sustained funeral expenses for Mr. Miller.

48.    As a direct and proximate result of the Defendant's negligence, Plaintiff Stacy Miller is entitled to those damages set forth in the preceding paragraph.

WHEREFORE, Plaintiff Stacy Miller prays for judgment on Count I of her Petition against the Defendants and each of them, jointly and severally, for a sum that is fair and reasonable, for her costs incurred, and for such other relief deemed appropriate by the Court.

## COUNT II
### (Lost Chance of Survival v. All Defendants)

49.    Plaintiff ad litem incorporates by reference the allegations in paragraphs 1 through 48 above.

50.    Decedent died on December 28, 2005.

51.    At the time of Defendants' negligence, decedent Alan Miller had a material and statistically significant chance for survival.

52.    As a direct and proximate result of the Defendants' negligence, decedent Alan Miller was deprived of his material chance for survival.

53.    As a direct and proximate result of the Defendants' negligence, Plaintiff ad litem Stacy Miller is entitled to all of those damages set forth in the preceding count.

11

WHEREFORE, Plaintiff ad litem Stacy Miller prays for judgment against the Defendants and each of them, jointly and severally, in Count II of the Petition for an amount that is fair and reasonable, for her costs incurred herein, and such other relief deemed appropriate by the Court.

## **JURY TRIAL**

Plaintiff requests trial by jury on all counts of this Petition.

Respectfully Submitted,

GOZA & HONNOLD, LLC

By: _____
      Kirk Goza        MO #32475
      Bradley Honnold  MO #39818
      Roger Nail       MO #47534
      11150 Overbrook Rd. Suite 250
      Leawood, KS 66211
      (816) 512-2171
      (816) 512-2172 Facsimile
      kgoza@gohonlaw.com
      bhonnold@gohonlaw.com
      rnail@gohonlaw.com
      ATTORNEYS FOR PLAINTIFFS

12



# IN THE 26TH JUDICIAL CIRCUIT COURT, CAMDEN COUNTY, MISSOURI

| Judge or Division: | Case Number: 07CM-CC00061 |
|---|---|
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address<br>ROGER DEAN NAIL Jr<br>11150 OVERBROOK RD<br>STE 250<br>LEAWOOD, KS 66211 |
| vs. | |
| Defendant/Respondent:<br>LAKE REGIONAL HEALTH SYSTEM | Court Address:<br>CAMDEN COUNTY COURTHOUSE |
| Nature of Suit:<br>CC Wrongful Death | 1 COURT CR<br>SUITE 8<br>CAMDENTON, MO 65020 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **DANIEL SCHMIDT M.D.**
        Alias:

304 W WASHINGTON
RICHLAND, MO 65556

**COURT SEAL OF**

CIRCUIT COURT OF MISSOURI

**CAMDEN COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____2/14/07_____        _____
            Date                                                    Clerk

Further Information: _____

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other _____
_____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

_(Seal)_        Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                                            Date                                          Notary Public

### Sheriff's Fees, if applicable

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $ _____per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document Id # 07-SMCC-457**          1 of 1          Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 2:07-cv-04088-SOW   Document 1-3   Filed 05/02/07   Page 13 of 13